# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# CENTRAL DIVISION

| | |
|---|---|
| NANCY L. NELSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 2:13-CV-4017-C-DGK-SSA |
| | ) |
| CAROLYN W. COLVIN, | ) |
| Commissioner of Social Security, | ) |
| | ) |
| Defendant. | ) |

## ORDER AFFIRMING THE ADMINISTRATIVE LAW JUDGE'S DECISION

This action seeks judicial review of the Commissioner of Social Security's decision denying Plaintiff Nancy L. Nelson's applications for Social Security Disability Insurance ("SSDI") under Title II of the Social Security Act, 42 U.S.C. §§ 401–434, and Supplemental Security Income ("SSI") under Title XVI of the Act, 42 U.S.C. §§ 1381–1383f. The Administrative Law Judge ("ALJ") found Plaintiff had multiple severe impairments, including status post cervical fusion times two, degenerative disc disease of the lumbar spine, hypertension, and a history of Lyme disease and osteoporosis, but retained the residual functional capacity ("RFC") to perform past relevant work as an office manager.

After carefully reviewing the record and the parties' arguments, the Court finds the ALJ's opinion is supported by substantial evidence on the record as a whole. The Commissioner's decision is AFFIRMED.

### Procedural and Factual Background

A complete summary of the record is presented in the parties' briefs and repeated here only to the extent necessary. Plaintiff filed the pending SSDI application on December 29, 2009, and the pending SSI application on December 31, 2009. In both applications, Plaintiff alleged a

disability onset date of April 1, 1992. The Commissioner denied the applications at the initial claim level, and Plaintiff appealed the denial to an ALJ. On July 19, 2011, the ALJ held a hearing and on August 8, 2011, the ALJ issued a decision finding Plaintiff was not disabled. The Appeals Council denied Plaintiff's request for review on November 21, 2012, leaving the ALJ's decision as the Commissioner's final decision. Plaintiff has exhausted all administrative remedies and judicial review is now appropriate under 42 U.S.C. § 405(g) and 42 U.S.C. § 1383(c)(3).

## Standard of Review

The Commissioner follows a five-step sequential evaluation process[1] to determine whether a claimant is disabled, that is, unable to engage in any substantial gainful activity by reason of a medically determinable impairment that has lasted or can be expected to last for a continuous period of at least twelve months. 42 U.S.C. § 423(d)(1)(A).

A federal court's review of the Commissioner of Social Security's decision to deny disability benefits is limited to determining whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *Buckner v. Astrue*, 646 F.3d 549, 556 (8th Cir. 2011). Substantial evidence is less than a preponderance, but enough evidence that a reasonable mind would find it sufficient to support the Commissioner's decision. *Id.* In making this assessment, the court considers evidence that detracts from the Commissioner's decision, as well as evidence that supports it. *McKinney v. Apfel*, 228 F.3d 860, 863 (8th Cir. 2000). The court

---

[1] "The five-step sequence involves determining whether (1) a claimant's work activity, if any, amounts to substantial gainful activity; (2) his impairments, alone or combined, are medically severe; (3) his severe impairments meet or medically equal a listed impairment; (4) his residual functional capacity precludes his past relevant work; and (5) his residual functional capacity permits an adjustment to any other work. The evaluation process ends if a determination of disabled or not disabled can be made at any step." *Kemp ex rel. Kemp v. Colvin*, 743 F.3d 630, 632 n.1 (8th Cir. 2014); *see* 20 C.F.R. §§ 404.1520(a)–(g); 416.920(a)–(g). Through Step Four of the analysis the claimant bears the burden of showing that he is disabled. After the analysis reaches Step Five, the burden shifts to the Commissioner to show that there are other jobs in the economy that the claimant can perform. *King v. Astrue*, 564 F.3d 978, 979 n.2 (8th Cir. 2009).

must "defer heavily" to the Commissioner's findings and conclusions. *Hurd v. Astrue*, 621 F.3d 734, 738 (8th Cir. 2010). The court may reverse the Commissioner's decision only if it falls outside of the available zone of choice, and a decision is not outside this zone simply because the court might have decided the case differently were it the initial finder of fact. *Buckner*, 646 F.3d at 556.

## Discussion

Plaintiff argues that the ALJ erred in formulating her RFC by failing to rely on an opinion rendered by Carolle Silney, M.D. ("Dr. Silney"), Plaintiff's treating physician. Dr. Silney wrote a letter on May 25, 2011, stating that Plaintiff was unable to work on a computer or do repetitive tasks because of headaches and building muscle tension in her neck and upper back. R. at 283. She opined that Plaintiff had impaired judgment and concentration because of her dependence on large doses of pain medications and muscle relaxants. R. at 283. Dr. Silney further recited a number of ailments that Plaintiff reported to her: significant joint and muscle pain associated with migraine, Lyme disease, porphyria, neck stiffness, pain, and limited range of motion. R. at 283.

A claimant's RFC is fundamentally a "medical question." *Lauer v. Apfel*, 245 F.3d 700, 704 (8th Cir. 2001). In determining this medical question, the ALJ should accord a treating physician's opinion controlling weight so long as it is well-supported by medically acceptable diagnostic techniques and not inconsistent with the other substantial evidence in the record. 20 C.F.R. §§ 404.1527(c), 416.927(c); *Myers v. Colvin*, 721 F.3d 521, 525 (8th Cir. 2013). Nonetheless, an ALJ may discount or disregard a treating physician's opinion where it is inconsistent with other substantial evidence in the record, such as additional medical evidence or the claimant's testimony. *Myers*, 721 F.3d at 525.

must "defer heavily" to the Commissioner's findings and conclusions. *Hurd v. Astrue*, 621 F.3d 734, 738 (8th Cir. 2010). The court may reverse the Commissioner's decision only if it falls outside of the available zone of choice, and a decision is not outside this zone simply because the court might have decided the case differently were it the initial finder of fact. *Buckner*, 646 F.3d at 556.

## Discussion

Plaintiff argues that the ALJ erred in formulating her RFC by failing to rely on an opinion rendered by Carolle Silney, M.D. ("Dr. Silney"), Plaintiff's treating physician. Dr. Silney wrote a letter on May 25, 2011, stating that Plaintiff was unable to work on a computer or do repetitive tasks because of headaches and building muscle tension in her neck and upper back. R. at 283. She opined that Plaintiff had impaired judgment and concentration because of her dependence on large doses of pain medications and muscle relaxants. R. at 283. Dr. Silney further recited a number of ailments that Plaintiff reported to her: significant joint and muscle pain associated with migraine, Lyme disease, porphyria, neck stiffness, pain, and limited range of motion. R. at 283.

A claimant's RFC is fundamentally a "medical question." *Lauer v. Apfel*, 245 F.3d 700, 704 (8th Cir. 2001). In determining this medical question, the ALJ should accord a treating physician's opinion controlling weight so long as it is well-supported by medically acceptable diagnostic techniques and not inconsistent with the other substantial evidence in the record. 20 C.F.R. §§ 404.1527(c), 416.927(c); *Myers v. Colvin*, 721 F.3d 521, 525 (8th Cir. 2013). Nonetheless, an ALJ may discount or disregard a treating physician's opinion where it is inconsistent with other substantial evidence in the record, such as additional medical evidence or the claimant's testimony. *Myers*, 721 F.3d at 525.

must "defer heavily" to the Commissioner's findings and conclusions. *Hurd v. Astrue*, 621 F.3d 734, 738 (8th Cir. 2010). The court may reverse the Commissioner's decision only if it falls outside of the available zone of choice, and a decision is not outside this zone simply because the court might have decided the case differently were it the initial finder of fact. *Buckner*, 646 F.3d at 556.

## Discussion

Plaintiff argues that the ALJ erred in formulating her RFC by failing to rely on an opinion rendered by Carolle Silney, M.D. ("Dr. Silney"), Plaintiff's treating physician. Dr. Silney wrote a letter on May 25, 2011, stating that Plaintiff was unable to work on a computer or do repetitive tasks because of headaches and building muscle tension in her neck and upper back. R. at 283. She opined that Plaintiff had impaired judgment and concentration because of her dependence on large doses of pain medications and muscle relaxants. R. at 283. Dr. Silney further recited a number of ailments that Plaintiff reported to her: significant joint and muscle pain associated with migraine, Lyme disease, porphyria, neck stiffness, pain, and limited range of motion. R. at 283.

A claimant's RFC is fundamentally a "medical question." *Lauer v. Apfel*, 245 F.3d 700, 704 (8th Cir. 2001). In determining this medical question, the ALJ should accord a treating physician's opinion controlling weight so long as it is well-supported by medically acceptable diagnostic techniques and not inconsistent with the other substantial evidence in the record. 20 C.F.R. §§ 404.1527(c), 416.927(c); *Myers v. Colvin*, 721 F.3d 521, 525 (8th Cir. 2013). Nonetheless, an ALJ may discount or disregard a treating physician's opinion where it is inconsistent with other substantial evidence in the record, such as additional medical evidence or the claimant's testimony. *Myers*, 721 F.3d at 525.

Substantial record evidence supports the ALJ's decision to reject Dr. Silney's opinion. R. at 22. First, it contradicts other objective, substantial record evidence. Physically, Plaintiff consistently completed unremarkable examinations that yielded findings of full strength and normal range of motion in all her extremities, no sensory loss, no motor weakness, and a normal gait. R. at 209–15, 238, 248–51, 254–55, 257–58, 260, 262–63, 265, 268, 271, 280, 286. Mentally, Plaintiff consistently showed that she was oriented to time, place, and person, and was neurologically intact. R. at 209–15, 238, 248–51, 254–55, 257–58, 260, 262–63, 265, 268, 271, 280, 286. These numerous findings were taken from September 29, 2009 through the date of Dr. Silney's letter. Several different medical professionals rendered these findings, including Dr. Silney herself. *E.g.* R. at 286; *see Guilliams v. Barnhart*, 393 F.3d 798, 803 (8th Cir. 2005) (discrediting an internally inconsistent physician's report noting both that the claimant had good quality musculature in his upper extremities and that the claimant required total limitations in lifting and carrying). Collectively, this evidence contradicts Dr. Silney's statements that Plaintiff was limited in using a computer or performing repetitive tasks as well as limited in concentration and judgment.

Second, Dr. Silney failed to cite any objective findings to support her opinions. *See Perks v. Astrue*, 687 F.3d 1086, 1093–94 (8th Cir. 2012) (rejecting the opinion of a treating physician who reviewed the claimant's medical history and complaints but did not indicate how his conclusions were supported by clinical data). Rather, she relied exclusively on Plaintiff's subjective complaints. *See Teague v. Astrue*, 638 F.3d 611, 615–16 (8th Cir. 2011) (concluding an ALJ properly discounted a physician's report, in part because it "cited only limitations based on [the claimant's] subjective complaints, not his own objective findings"). Because Dr. Silney

4

failed to identify medical findings to support her conclusion, her opinion was entitled to less weight.

For these reasons, substantial record evidence supports the ALJ's decision to reject Dr. Silney's May 25, 2011, opinion.

## Conclusion

Because substantial evidence on the record as a whole supports the ALJ's opinion, the Commissioner's decision denying benefits is AFFIRMED.

**IT IS SO ORDERED.**

Date:  July 22, 2014  /s/ Greg Kays
GREG KAYS, CHIEF JUDGE
UNITED STATES DISTRICT COURT